## Elliott v. Pike County et al.

June 5, 1942.

J. S. Shaver for appellant.

L. J. May, A. F. Childers, Stratton & Stephenson and John A. Runyon for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

According to the record the appellant and plaintiff below, Gustavia Elliott, a married lady with some infant children, was the victim of most gross and inexcusable treatment and neglect by the county judges of Pike county at the time of the transactions involved, for no part of which is there the slightest excuse in law, morals or justice. Notwithstanding plaintiff's maltreatment, and regardless of the fact as to who is legally responsible therefor, the record of her case brought to this court, as made in the Pike circuit court, is insufficient to authorize us to grant her any relief, which will appear in the statement of the case now to be made.

It is an action to recover damages for false imprisonment, filed by appellant in the Pike circuit court on August 18, 1938, against the county; its then county judge and his sureties; J. E. Stanley, the then jailer of the county, and his sureties, and Floyd Bevins, succeeding jailer of the county to J. E. Stanley and his sureties. In her petition plaintiff averred that a constable of the county arrested her on December 22, 1937, under a warrant issued by the county judge of the county charging her with deserting and failing to provide for her infant indigent children, and which warrant, it is charged in the petition, was issued upon the affidavit of plaintiff's husband. At that time the defendant, Stanley, was the jailer of the county, but his term expired on the first Monday in the following January, 1938, when defendant, Bevins, who was elected in 1937 for the succeeding full term, qualified and took charge of the office. The constable, after arresting plaintiff, delivered her to Stanley, the then jailer, who on the next day brought her before the then county judge, O. A. Stump, one of the defendants in the action, and he then and there made or caused to be made, on his quarterly court docket the statement that "This cause is continued on terms," which, as alleged, was the only record of any action taken or made on that or any subsequent occasion.

Plaintiff was then orally ordered back into the hands of Stanley, the then jailer, nothing having been said with reference either to the fixing or the giving of bail. When Stanley went out of office and was succeeded by Bevins

plaintiff was still a prisoner in the jail, and the succeeding jailer kept her confined therein until the following June, when for some reason (not appearing in the record, save a statement that Bevins discovered that no mittimus had ever been issued for the jailer to incarcerate defendant in the county jail) she was released. However, it is possible that the warrant executed by the constable may have served that purpose, but which question is a part of the merits of the case and which the condition of the record does not permit us to determine.

All of the defendants filed various motions embodying dilatory pleas, as well as general demurrers to the petition, each of which latter the court sustained, except as to the defendant, Stanley, and his sureties, whose like steps were overruled. Plaintiff declined to amend her petition as against the defendants whose demurrers to it had been sustained by the court, and on November 30, 1938, the court dismissed her petition as to each and all of them, leaving the case as pending only against defendants Stanley and his sureties, whose demurrers to plaintiff's petition the court overruled. This appeal was filed in this court on February 4, 1941, against all defendants in the petition, although no appeal was granted by the trial court from the order dismissing the petition as to all defendants, except Stanley and his sureties. Therefore, the only appeal ever granted to this court was and is the one made when the record was filed in this court on the date supra. It will, therefore, be seen that the appeal to this court as against all of the defendants, except Stanley and his sureties, was more than two years after the judgment appealed from was rendered dismissing the action as to all defendants, except Stanley, and which deprives us of jurisdiction to review that judgment. The appeal therefore, is dismissed as to all such defendants.

After the court overruled the demurrer of Stanley and his sureties to plaintiff's petition an answer was filed by them denying the averments of the petition, and affirmatively pleading the facts as hereinbefore recited. No reply was filed to the affirmative portions of the answer, but, nevertheless the case was later tried before a jury, which returned a verdict in favor of the defendants on trial, followed by plaintiff's motion for a new trial, which the court overruled, after which the petition was dismissed as against the defendants in whose favor the

verdict was rendered, which the motion for a new trial states was upon a peremptory instruction of the court so directing, but the transcript of the record as made out by the clerk shows no such fact. The motion for a new trial was overruled on March 29, 1939, and plaintiff was given until the 15th day of the following May term of the court to prepare and file her bill of exceptions and the evidence heard upon the trial.

On the day designated in that order, May 15, 1939, plaintiff obtained an extension of time for four days, or until May 19th (also within that same term) within which to file her bills of exceptions and evidence. On the latter day her counsel tendered and offered to file a bill of exceptions accompanied with a longhand memorandum, which counsel had prepared embodying, as he claimed, the testimony heard at the trial. When it was presented to the presiding judge of the court he declined to approve it, and also declined to permit it to be filed and entered an order to that effect stating his reasons therefor, which were, that the court "finds that said bill of exceptions does not contain a true or correct statement of the evidence, and further that much of the evidence introduced by the parties upon the trial is entirely omitted therefrom. The Court is unable to correct said bill of exceptions, for the reason that the parties upon the trial refused to have the evidence reported by the official stenographic reporter and the evidence heard upon the trial was so extensive the court is not now able to report it correctly, or to correctly state the substance thereof, from memory."

Plaintiff's counsel then, instead of offering to prepare and file a bystander's bill of exceptions or to obtain time therefor, moved the court to again extend the time for filing such necessary parts of the record until the 2nd day of the September term, 1939, of the court, which was the second term after the motion for a new trial was overruled, and which, under the provisions of section 334 of the Civil Code of Practice is forbidden. That section expressly provides that "time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court." Under subsection 3 of section 337, plaintiff by her counsel could have obtained the benefit of his prepared and tendered bills of exceptions and evidence by procuring the signatures thereto and affidavits of two bystanders, but which he

made no effort to obtain, but relied on his prepared documents without any approval of the court. Without any order making them a part of the record, counsel procured the clerk to copy them as a part of the transcript brought here.

It is, therefore, obvious from our statement of the condition of the record that we are without authority to review any of the errors complained of by counsel for plaintiff, notwithstanding he most vigorously contends in his brief "That someone made a mistake" and for this court to tell him "Who is Responsible." But the condition of the record, as pointed out, saps our authority for undertaking that task, although, we repeat, the record depicts the grossest disregard of plaintiff's rights and of her just dues under the law on the part of the county judges who should have disposed of the accusation against her so as to permit her to be released on bond if the examining trial held before either of them justified such action, but if not, then to have directed her release. It is to be hoped that such practice is not, nor will ever be indulged in by other county judges or examining courts within the jurisdiction of the commonwealth.

Wherefore, for the reasons stated, the judgment as against the defendant Stanley and his sureties is affirmed, and as against all other defendants and appellees it is dismissed.